NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0210n.06

No. 13-1900

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff-Appellee,         )
                                )   ON APPEAL FROM THE UNITED
v.                              )   STATES DISTRICT COURT FOR
                                )   THE EASTERN DISTRICT OF
MAJED TAWBE,                    )   MICHIGAN
                                )
    Defendant-Appellant.        )
                                )
                                )

**FILED**
*Mar 13, 2015*
DEBORAH S. HUNT, Clerk

BEFORE: BOGGS and KETHLEDGE, Circuit Judges; HELMICK, District Judge.[*]

PER CURIAM. Majed Tawbe appeals his conviction for unlawful procurement of citizenship as well as the district court's calculation of the amount of loss resulting from his bank fraud offenses. We affirm.

A federal grand jury charged Tawbe with two counts of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349, bank fraud in violation of 18 U.S.C. § 1344, and money laundering in violation of 18 U.S.C. § 1957. According to the indictment, Tawbe fraudulently obtained several million dollars in commercial loans and lines of credit from Fifth Third Bank and Comerica Bank. Many of the loans were secured by commercial properties located in the Detroit area; Tawbe subsequently abandoned those properties and defaulted on the

---

[*] The Honorable Jeffrey J. Helmick, United States District Judge for the Northern District of Ohio, sitting by designation.

loans. Without a written plea agreement, Tawbe pleaded guilty to bank fraud and to one of the conspiracy counts.

Tawbe was charged in the same indictment with unlawful procurement of citizenship in violation of 18 U.S.C. § 1425(a) for making materially false and fraudulent statements in applying for naturalization. Tawbe proceeded to trial on that count and was found guilty by a jury.

At sentencing, the district court granted the government's motion to revoke Tawbe's citizenship. In determining the offense level for Tawbe's bank fraud offenses, the district court found that the amount of loss was more than $2.5 million and applied an 18-level enhancement pursuant to USSG § 2B1.1(b)(1)(J). The district court calculated the guidelines range as 57 to 71 months of imprisonment based on a total offense level of 25 and a criminal history category of I. The district court granted a downward variance from that range, sentencing Tawbe to 40 months of imprisonment, and ordered him to pay $3.3 million in restitution to Fifth Third Bank and Comerica Bank.

This timely appeal followed. Tawbe argues (1) that the government failed to prove that he knowingly made false statements to obtain citizenship and (2) that the district court erred in determining the appropriate amount of loss resulting from his bank fraud offenses.

Tawbe waived any objection to the sufficiency of the evidence on the count at trial by failing to make a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Chance*, 306 F.3d 356, 368-69 (6th Cir. 2002). We therefore review Tawbe's claim that the government failed to prove that he acted knowingly in unlawfully procuring citizenship under a "manifest miscarriage of justice" standard, reversing only "if the

record is devoid of evidence pointing to guilt." *United States v. Kuehne*, 547 F.3d 667, 697 (6th Cir. 2008) (quoting *United States v. Carnes*, 309 F.3d 950, 956 (6th Cir. 2002)).

Tawbe submitted an application for naturalization in June 2006. According to the evidence presented by the government, Tawbe moved to Lebanon in January 2007. After he returned to the United States in September 2008, Tawbe pursued his application for naturalization. Immigration Services Officer Major Bynum testified that he conducted Tawbe's naturalization interview in March 2009. Officer Bynum placed Tawbe under oath and reviewed his application with him. When asked where he had lived during the last five years, Tawbe did not report that he had lived in Lebanon. When asked about any travel outside of the United States since the submission of his application, Tawbe reported only a seven-day trip to Lebanon in November 2006. Officer Bynum explained that a trip outside of the United States lasting more than six months can disqualify an applicant for citizenship and that he reviews an applicant's passport to verify his or her travel. Tawbe did not present his passport for Officer Bynum's review, claiming that it was lost. The record is not devoid of evidence that Tawbe knowingly made false statements in support of his application for naturalization.

Tawbe also contends that the district court erred in calculating the amount of loss resulting from his bank fraud offenses. We review the district court's factual finding as to the amount of loss for clear error and its methodology for calculating that loss de novo. *United States v. Warshak*, 631 F.3d 266, 328 (6th Cir. 2010).

USSG § 2B1.1(b)(1) provides for an enhancement based on the amount of loss resulting from the offense. The district court calculated Comerica Bank's loss as $3.1 million by crediting against $6 million in loan proceeds payments that were made on the loans and amounts that were recovered from the sale of the commercial properties securing the loans. Tawbe argues that

Comerica Bank did not obtain fair market value for the properties, instead "liquidat[ing] the properties to customers with which they normally did business, at a loss of over 50%," and that the district court should have considered the fair market value of the properties at the time of reclamation rather than the discounted rate at which they were sold. (Appellant's Br. 9). Tawbe's argument is contrary to USSG § 2B1.1's commentary, which provides that, in a case involving collateral, the district court shall reduce the amount of loss by "the amount the victim has recovered at the time of sentencing from disposition of the collateral." USSG § 2B1.1, comment. (n.3(E)(ii)).

Furthermore, defense counsel did not dispute that, "as set forth in the sentencing guidelines, the arithmetic gets us to $3.1 million." (RE 228, 5/21/13 Sentencing Tr. 25, Page ID # 2245). Defense counsel instead argued for a variance based on Comerica Bank's "questionable conduct," such as selling the properties for substantially less than their recently appraised value. (*Id*. at 39, Page ID # 2259). The district court concluded that the circumstances, including Comerica Bank's conduct, warranted a variance and sentenced Tawbe below the guidelines range to 40 months of imprisonment.

For the foregoing reasons, we affirm the district court's judgment.